*953 OPINION.
Phillips:
It is alleged that the respondent erred in refusing to allow as a business expense the payment by Charles C. Knowlton of $8,000 to George A. Hammond in each of the taxable years 1920 to 1923, inclusive, and $6,000 in the year 1924.
The taxing acts allow as deductions “all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.” If the payments by the decedent to Hammond do not meet this requirement, they may not be deducted and it is unnecessary to inquire further in an attempt to classify them. That the payment related to the business interests of the taxpayer and was to be made annually under a contract is insufficient to permit the deduction. We must go back and learn the purpose and result of the contract under which the payments were made.
The obligation which the decedent assumed in 1917 was properly that of the corporation of which he was the principal stockholder. It is conceivable that the consolidation might have proceeded and such corporation might have been continued in existence for the sole purpose of holding the stock of the new corporation and paying its *954 obligation to Hammond. The assumption of the corporation’s obligation by the decedent accomplished several purposes. It permitted the corporation to be dissolved and its assets distributed; it gave decedent greater voting rights in the new corporation; it permitted the consolidation to take place and thereby increased the dividends on his stock and at the same time served to strengthen his financial position and increase the value of his capital. The contract with Hammond and the payments thereunder appear to be classified more properly as transactions relating to adjustments in the capital of the decedent than as ordinary and necessary expenses of any business carried on by him. To the extent, however, that decedent, by reason of such payments, received dividends on the stock of Hammond, these payments are in the nature of a price paid to purchase such dividends, served directly to increase income and to that extent they are deductible. Regarded in another light, these dividends were purchased for value and it seems clear that the decedent should not be required to include as income the dividends so purchased and refused any deduction of the purchase price.

Decision will be entered under Rule 50.